UNITED STATES DISTRICT COURT
DISTRICT OF   SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLY WARFIELD and ALL OTHERS SIMILARLY SITUATED, | ) ) ) | Civil Action No. 20-CV-4121 |
| | ) | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| STEVEN T. MNUCHIN, in his official capacity as Secretary of the Treasury; CHARLES RETTING in his official capacity as Commissioner of the Internal Revenue Service; and UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## INTRODUCTION

1.    This lawsuit challenges the intentional unlawful and unconstitutional conduct of the defendants, in which deprived many incarcerated taxpayers the benefits of the emergency cash assistance distributed in response to the coronavirus pandemic, based soley on the fact they chosen not to follow the law and enlisted federal and state correctional institutions to assist them. In which some other incarcerated taxpayers received the benefits of the emergency cash assistance, but not the plaintiffs. See Attachment(s)—AC#1, and #2.

2.    The spread of the novel coronavirus has caused not only tens of thousands of deaths and a nationwide public health crisis, but also the most severe economic downturn in years. Millions of businesses have been shuttered. More than 30 million people have filed for unemployment in less than 2 months. Lines of cars extend for blocks awaiting assistance from food banks in the modern-day equivalent of the Great Depression's breadlines.

3.    In the effort to stem the tide of this nationwide emergency,

Congress passed, and President Trump signed into law, the Coronavirus Aid, Relief, and Economic Security (CARES) Act. Among other relief, the CARES Act provides a financial lifeline to millions of people by distributing through the tax systems immediate means-tested cash assistance, which the federal government calls "ecomonic impact payments." The Act gives to certain eligible individuals up to $1,200 per adult and up to $500 for each of the adult's children under the age of 17, and it directs Defendant Secretary of the Treasury Mnuchin to distribute these payments "as rapidly as possible." See 26 U.S.C § 6428.

4.    The economic impact payments are designed to enable the recipients to make basic expenditures——for example, on groceries, rent, and healthcare——while at the same time injecting cash flow into an economy that has been hit by a precipious drop in demand. As of April 28, 2020, the government had distributed payments totaling nearly $160 billion to 89.5 million people. The government expects that, in total, Secretary Mnuchin will distribute more than 150 million economic impact payments under the CARES Act.

5.    The CARES Act does not exclude, from this expansive aid program, incarcerated taxpayers. The CARES Act makes needed assist-ance by making the payments through the tax system only to those who are eligible for, and filing tax returns using, a social security number——essentially U.S. Citizens, but not limited to such.

6.    The deprivation of this benefit to the Plaintiffs under-mines the CARES Act's statatory language and goal of providing assistance to Americans in need, frustrating the Act's efforts to jumpstart the economy. More fundamentally, the defendants unlawful

conduct violates the Plaintiffs due process and equal protection principles embodied in the Fifth and Fourteenth Amendments clauses.

7.    This lawsuit is brought by Plaintiffs and on behalf of who have denied and deprived the benefits of the $1,200 economic payments, they should have received pursuant to 26 U.S.C § 6428 (CARES Act).

8.    Plaintiffs on behalf of themselves and all others similarly situated, seek an injunction prohibiting Secretary Mnuchin and Commissioner Retting from depriving and continuing depriving the Plaintiffs benefits and a declaration that such deprivation of the benefits is unconstitutional and unlawful. Plaintiffs also seek an order awarding them the economic impact payments they are due.

**JURISDICTION AND VENUE**

9.    Jurisdiction is proper under 28 U.S.C. §§ 1331,1343, 1346, and 1361.

10.    Venue is proper in this district pursuant to 28 U.S.C § 1391(e). Plaintiffs reside in South Dakota.

**PARTIES**

11.    Plaintiff Warfield is a United States citizen and has a valid social security number and is forty-seven years old. But for the unlawful and unconstitutional conduct of the defendants would have received his economic impact payment of $1,200, that was actually sent to him, but deprived of his benefit.

12.    Defendant Steven T. Mnuchin is the Secretary of the Treasury. Secretary is responsible for distributing economic payments under the CARES Act, and in his official capacity, unlawfully and unconstitutionally deprived the benefits to the Plaintiffs.

3

13. Defendant Charles Retting is the Comissioner of the
Internal Revenue Service, a department of the Treasury. Commissioner
is responsible for distributing economic impact payments under the
CARES Act, and his official capacity, unlawfully and unconstitution-
ally deprived the benefits to the Plaintiffs.

14. Defendant United States of America is sued as the
appropriate defendant in an action for damages for money due under
the CARES Act.

**BACKGROUND**

I.    **Economic Impact Payments Under the CARES Act**

15. Most income-earners, regardless if they are incarcerated
status, are required to pay taxes. Through the Internal Revenue
Services administration of the tax code, the federal government
collects information about the annual income, employment, address,
and financial accounts of the vast majority of adults in the United
States. This infrastructure also enables the IRS to distribute money
to taxpayers when they are due a refund on their income taxes.

16. In this way, the tax system, though normally focused on
collecting money due to the federal government, provides the
government a convenient mechanism for delivering cash benefits to a
wide swath of residents on an emergency basis.

17. The CARES Act makes use of the tax infrastructure to
distribute means-tested cash assistance through economic impact
payments. Though administered through the tax code, economic impact
payments are means-tested benefits just like various other benefits,
such as housing and food assistance, that are intended to benefit
both adults and children. As President Trump remarked upon signing

4

the CARES Act into law, the Act "will deliver urgently needed relief to our nation's families, workers, and businesses."[1]

18.    Specifically, the CARES Act provides a cash payment of up $1,200 for certain, but not all, statutorily "eligible" adults and up to $500 for each "qualifying child." 26 U.S.S § 6428(a). A married couple that files jointly can receive up to $2,400 for themselves and $500 for each qualifiying child.

19.    To be eligible to receive an economic impact payment under the CARES Act, a person must be a U.S. citizen or a resident alien and must not be claimed as a dependent on another person's tax return and must not be an estate or trust. Id § 6428(d). The CARES Act specifies which individuals are eligible and which individuals are not eligible. Plaintiffs are in-fact eligible individuals according to the CARES Act, but by virtue of the unlawful and unconstitutional conduct by the defendants is depriving the Plaintiffs their entitled economic impact payments.

20.    The size of the payment distributed——a maximum of $1,200 for adults and $500 for children——is reduced by $5 for each additional $100 of the adults individual's adjusted gross income that exceeds certain thresholds:

    a.    For a married person filing jointly with his/her spouse, the income threshold is $150,000. 26 U.S.C § 6428(c)(1).

    b.    For an individual filing as the head of household, the income threshold is $112,500. 26 U.S.C. § 6428(c)(2).

    c.    For any other individual, including individuals who are married filing separately from their spouse, the income threshold is $75,000. 26 U.S.C. § 6428(c)(3).

21.    To determine the eligible individual's income, the CARES Act directs the Secretary to look at the individual's income in their 2019 tax return, or if the individual has not yet filed a

return for 2019, the individual's income on their 2018 return.

22.   Additionally, in implementing the CARES Act, Secretary Mnuchin has allowed anyone whose income is low enough that they are not required to file a return——meaning that their adjusted gross income is generally below $12,200 if single or $24,400 if married—— to apply for economic impact payments through an online "Get My Payment" portal that the IRS has established.

## INJURY TO PLAINTIFFS

23.   The unlawful and unconstitutional treatment the Defendants inflict on the Plaintiffs, is a serious injury in its own right.

24.   But by depriving the Plaintiffs their entitled cash assistance now for unlawful and unconstitutional reasons——in the midst of a pandemic that has caused their families, like many others, serious hardships——the defendants have inflicted particularly severe injuries on an especially vulnerable group and their families.

25.   The Plaintiffs and their families are under aggravated economic duress————because of the pandemic, which has generated new necessary expenses to prevent themselves and their families from getting infected.

## CLASS ALLEGATIONS

26.   Plaintiffs seeks to certify the classes.

27.   Plaintiffs seek to certify a nationwide class defined as: all Incarcerated Taxpayers who have been or will be deprived the benefits of economic impact payments they are entitled, solely because the defendants unlawful and unconstitutional conduct.

28    Although the exact size of the class is an unknown, it's numbers could be quite large, according, to article in the Business Insider, published on June 24, 2020, 8:34 AM (https//www.

6

businessinsider.com/us-inmates-got-virus-relief-checks-and-irs-wants-
them-back-2020-6). **See Attached Copy, AC#1.** Joinder of this
substantial class is impractical.

29.    There are multiple questions of law and fact common to the
class. These include, but are not limited to such:

        a. What level of scrutiny applies to the Defendants
           unlawful and unconstitutional conduct against Plaintiffs;

        b. Whether the Defendants unlawful and unconstitutional
           conduct serves any important government interest; and

        c. What the appropiate remedy is for the Defendants
           unlawful and unconstitutional conduct in violating the
           Plaintiffs Due Process and Equal Protection rights under
           the Fifth and Fourteenth Amendments to the U.S.
           Constitution.

30.    Plaintiffs claims are typical of the class, but for the
Defendants unlawful and unconstitutional conduct, the class Plaintiffs
would have received their entitled benefits of the economic impact
payments that were sent to them, only to be deprived of their
benefits unlawfully and unconstitutionally. The answer to whether
the Defendants violated the Plaintiffs rights will determine whether
they have violated the rights of all other proposed class members.

31.    Plaintiffs will serve as adequate class representatives.
Their interests are aligned with the interests of the class. There
are no known conflicts among class members.

32.    Certification of the class for injunctive relief is
appropriate under Rule 23(b)(2) because Secretary Mnuchin and
Commissioner Retting has acted on grounds that apply generally to
the whole class. Additionally, certification of this class for
damages is appropriate under Rule 23(b)(1) because separate actions
create a risk of adjudications requiring incompatible standards of

7

conduct for Defendants. Additionally, class treatment is appropriate under rule 23(b)(3) because the common questions of fact and law predominate over questions specific to individual class members. The common questions of law will determine the liability of the United States to every member of the class. Class-wide treatment of liability is a superior means of determining the legality of the the Defendants conduct than potentially thousand of other lawsuits. Although the amount of the economic impact payment for individual class members may vary, the amount can be calculated in a ministerial fashion based on information in tax returns that are, or should have been in the United States' possession by July 15, 2020, or for individuals who are not required to file returns, based on inform- ation that can be provided through a system similar to the United States' existing online portal for non-filers. As a result, class- wide adjudication of the United States' liability is the most efficient means of adjudication.

33.  Plaintiffs request and move for appointment of Class Counsel.

## CLAIMS FOR RELIEF

### COUNT I
**Incarcerated Taxpayer Plaintiffs, on behalf of themselves and others similarly situated, against Defendant(s)  Mnuchin and Retting – violation(s) of the Fifth and Fourteeth Amendment(s) of the United States Constitution**

34.  Plaintiffs repeat and incorporate by reference each of the allegations set forth in each of the preceding paragraphs of this Complaint.

35.  The Defendants' intentional unlawful and unconstitutional actions and conduct deprives the Plaintiffs their benefit to the

8

Act's economic impact payments they are entitled. This punishes the Plaintiffs and treats them worse than similarly situated incarcerated taxpayers whom were sent their benefits and were allowed to keep their benefits, but not the Plaintiffs, in violation of Due Process and Equal Protection principles embodied in the Fifth and Fourteenth Amendment(s) of the United States Constitution clauses.

36.   Depriving the Plaintiffs their economic impact payments serves no important government interest. It undermines the United States goals of providing urgent cash assistance for Americans to obtain basic necessities and of injecting money into the economy during the crisis brought on by the coronavirus pandemic.

38.   Depriving and denying the Plaintiffs' economic impact payments is also not substantially related to any interest the government has in denying directly or indirectly the Plaintiffs' families benefit they would have received from the Plaintiffs' benefits.

## COUNT II
**Incarcerated Taxpayer Plaintiffs, on behalf of themselves and others similarly situated, against Defendant United states – action for money damages under 26 U.S.C § 6428 and 28 U.S.C. § 1346(a)(2)**

39.   Plaintiffs repeat and incorporate by reference each of the allegations set forth in each of the preceding paragraphs of this Complaint.

40.   26 U.S.C § 6428 is a money-mandating statute that obligates the United States to disburse funds for the benefit of Plaintiffs.

41.   The Defendants' intentional unlawful and unconstitutional actions and conduct deprives the Plaintiffs their benefit to the Act's economic impact payments they are entitled. This punishes the

Plaintiffs and treats them worse than similarly situated incarcerated taxpayers whom were sent their benefits and were allowed to keep their benefits, but not the Plaintiffs, in violation of Due Process and Equal Protection principles embodied in the Fifth and Fourteenth Amendment(s) of the United States Constitution clauses.

42.    Depriving the Plaintiffs their economic impact payments serves no important government interest. It undermines the United States goals of providing urgent cash assistance for Americans to obtain basic necessities and of injecting money into the economy during the crisis brought on by the coronaviris pandemic.

43.    Depriving and denying the Plaintiffs' economic impact payments is also not substantially related to any interest the government has in denying directly or indirectly the Plaintiffs' families benefit they would have received from the Plaintiffs' benefits.

44.    Defendant United States constitutional violation has deprived and denied Plaintiffs' $1,200 economic impact payments to which they otherwise are entitled.

### RELIEF REQUESTED

Wherefore, Plaintiffs respectfully requests that this Court:

A.    Declare unlawful and unconstitutional the Defendants' actions and conduct of depriving and denying the distribution of economic impact payments for the benefit of the Incarcerated Taxpayers Plaintiffs and all similarly situated incarcerated taxpayers;

B.    Enjoin Secretary Mnuchin and Commissioner Retting from refusing returning and distributing economic impact

10

payments for the benefit of Incarcerated Taxpayer

Plaintiffs and all similarly situated incarcerated

taxpayers.

C.    Award damages to Incarcerated Taxpayer Plaintiffs and

all similarly situated incarcerated taxpayers in amount

of up to $1,200 for each incarcerated taxpayer, in which

was affected by defendants actions and conduct, in

accordance with the thresholds in the CARES Act.

D.    Award Plaintiffs their reasonable fees, costs, and

expenses, including attorneys' fees, pursuant to 28 U.S.

C. § 2412; and

E.    Award such additional relief as the interest of justice

may require.


Dated this ____12____ of August, 2020.

                                        Respectfully Submitted,


                                        _Kelly Warfield_____
                                        Kelly Warfield
                                        #17023
                                        P.O. Box 5911
                                        Sioux Falls, SD 57117-591


                              **Footnote**

[1] The White House, "Remarks by President Trump at Signing
of H.R. 748, The CARES Act," https://www.whitehouse.gov/
briefings-statements/remarks-president-trump-signing-h-r-
748-cares-act/

Clerk's Office                                                   August 12, 2020
U.S. District Court
400 South Phillips Ave., Rm 128
Sioux Falls, SD 57104

        Re: Filing complaint "Warfield v. Mnuchin"

Dear Clerk(s):

        Please note that the filing fee of $400.00 will be arriving to your
office in a separate mailing, in which I will have Service First Federal
Credit Union send you an official check in a preaddress and stamped envelope
I have provided them to send to you, with a cover letter. The official check
from Service First FCU should by memoed: Filing fee in Warfield v. Mnuchin.

        Please find enclosed the following:

(1)    The complaint entitled "Kelly Warfield... vs. Steven T. Mnuchin..." with
       attachment(s):

       AC#1, pages 1-3 (Business Insider acticle); and
       AC#2, pages 1-3 (Information on Economic Impact Payments from Internal
                        Revenue Service to be Distributed to the Federal Bureau
                        of Prisons, State Correctional Agency Heads of Office
                        and IRS Blue Bag Program Partners); and

(2)    Proposed Summons for each Defendant: Mnuchin, Retting, Barr, and Parsons;
       and

(3)    Motion for court to order service of summons and complaint by United States
       marshal or deputy marshal or by person specially appointed by the Court.

        Well I thank you and your office's assistance in these matters.

                                        Sincerely,

                                        Kelly Warfield

                                        Kelly Warfield
                                        #17023
                                        P.O. Box 5911
                                        Sioux Falls, SD 57117-5911

enclosure(s)/attachment(s)


P.s: If the check has not arrived yet, please wait
     it will.

Kelly Warfield #17023

**DEPARTMENT OF CORRECTIONS**
**STATE PENITENTIARY**
**P.O. Box 5911**
**Sioux Falls, SD 57117-5911**
*Address Service Requested*

( Legal Mail )

180

NEOPOST
08/13/2020
US POSTAGE $001.80⁰
FIRST-CLASS MAIL
ZIP 57104
041M11461503

Clerk's Office
United States District Court
400 South Phillips Avenue, Room 128
Sioux Falls, SD 57104

X-RAYED BY
SOUTH DAKOTA
CSO