UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KELLY WARFIELD, AND ALL OTHERS SIMILARLY SITUATED;<br><br>                  Plaintiff,<br><br>vs.<br><br>STEVEN T. MNUCHIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE TREASURY; CHARLES RETTING, IN HIS OFFICIAL CAPACITY AS COMMISSION OF THE INTERNAL REVENUE SERVICE; AND THE UNITED STATES OF AMERICA,<br><br>                  Defendants. | 4:20-CV-04121-RAL<br><br><br>1915A SCREENING ORDER FOR SERVICE IN PART AND DISMISSAL IN PART |

Plaintiff Kelly Warfield, an inmate at the South Dakota State Penitentiary, filed a pro se class action lawsuit under 28 U.S.C. §§ 1331, 1343, 1346, and 1361. Doc. 1. Warfield paid the full filing fee and moves for service, for appointment of counsel, and to compel. Docs. 3, 7, 8.

I.  **Allegations of Warfield's Complaint**

Warfield brings this class action lawsuit on behalf of himself and of other similarly situated incarcerated taxpayers. Doc. 1 at ¶¶ 7–8. He claims that the defendants have deprived him and other incarcerated taxpayers of the stimulus payments provided through the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). Doc. 1 at ¶ 1. Warfield asserts that the CARES Act does not specifically exclude incarcerated taxpayers and asserts that some incarcerated taxpayers have received CARES Act payments. Doc. 1 at ¶ 5. He alleges that the deprivation of the CARES Act money is a violation of the both Due Process Clause and Equal

Protection Clause of the Fifth and Fourteenth Amendments. Doc. 1 at ¶¶ 34–38. He asserts that the deprivation of his and the other similarly situated plaintiffs' economic payments does not serve an important government interest and is not substantially related to a legitimate government interest. Doc. 1 at ¶¶ 36–38.

Warfield asserts that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 1346(a)(2), and 1361.[1] Doc. 1 at ¶ 9. Warfield seeks to certify "a nationwide class defined as: all Incarcerated Taxpayers who have been or will be deprived the benefits of economic impact payments they are entitled, solely because the defendants unlawful and unconstitutional conduct." Doc. 1 at ¶ 27. He asks this Court for (1) an injunction prohibiting the defendants from depriving him and the other plaintiffs of their benefits, (2) a declaration that the defendants' alleged actions are unlawful, and (3) an order awarding him and the other plaintiffs the payments they are due under 26 U.S.C. § 6428. Doc. 1 ¶ 8.

## II. Discussion

### A. Screening and Dismissal Standards

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. <u>Rinehart v. Weitzell</u>, 964 F.3d 684, 688 (8th Cir. 2020). Civil rights and pro se

---

[1] Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1346(a)(2) states that "[t]he district courts shall have original jurisdiction . . . of: [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress . . ." Warfield does not specifically assert which subsection of 28 U.S.C. § 1343 applies, but Section 1343(3) states "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: [t]o redress the deprivation . . . of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons . . ." Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

2

complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007); Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true . . . ." Twombly, 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citing Twombly, 550 U.S. 544)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) [] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

**B.     Analysis**

    **1.   Class Action**

Warfield seeks to bring a class action lawsuit against the defendants. See Doc. 1. He claims that he will act as the representative for the class. Doc. 1 at ¶ 31. Under Federal Rule of

Civil Procedure 23(a)(4), a representative party may sue if "the representative part[y] will fairly and adequately protect the interests of the class." Although this Court has found no Eighth Circuit precedent directly addressing whether a pro se plaintiff can bring a class action lawsuit, other circuit courts have held that pro se parties may not act in a representative capacity. See Simon v. Hartford Life, Inc., , 664–65 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs "from pursuing claims on behalf of others in a representative capacity"); Lewis v. City of Trenton Police Dept., 176 F. App'x 552, 554 (3d Cir. 2006) (holding that a plaintiff proceeding pro se may not present a putative class of prisoners); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it was "plain error" for the district court to allow an "imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"). There is also authority from courts within the Eighth Circuit, including this Court, that a pro se litigant may not represent other parties in the suit. See Stone v. Jesson, No. 11-cv-0951, 2019 WL 3769707 (D. Minn. May 30, 2019); Deas v. Kenney, No. 8:15CV35, 2015 WL 1883614 (D. Neb. Apr. 24, 2015); Litschewski v. Dooley, 4:11-cv-04105-RAL, 2012 WL 3023249 at *1, n.1 (D.S.D. July 24, 2012); (citing Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.")), aff'd, 502 F. App'x 630 (8th Cir. 2013). A district court nonetheless may appoint counsel to a pro se party who in turn may later seek class certification. See Klinger v. Dep't of Corrections, 31 F.3d 727 (8th Cir. 1994). Until and unless that happens, Warfield may not bring a class action suit such as this one as a pro se litigant.

### 2. Constitutional Claims

Warfield claims that the defendants have violated his Fifth and Fourteenth Amendment Due Process and Equal Protection rights. Doc. 1 at ¶¶ 34–38. The Due Process Clause of the Fifth

Amendment applies to the United States, whereas the Due Process Clause of the Fourteenth Amendment applies to the States. Dusenbery v. United States, 534 U.S. 161, 167 (2002). Mnuchin and Retting are employees of the Federal Government, and Warfield also sues the United States of America. Doc. 1 at ¶¶ 12–14. Because the defendants are federal employees and the United States of America, Warfield's Due Process and Equal Protection claims under the Fourteenth Amendment are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Warfield claims that the defendants are violating the Due Process Clause and the Equal Protection principles under the Fifth Amendment by depriving him of his CARES Act relief, and by providing the relief to other similarly situated inmates. Doc. 1 at ¶¶ 34–38. The Fifth Amendment provides that "[no] person shall be . . . deprived of life, liberty, or property, without due process of law . . ." U.S. Const. amend V. "[T]he Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws." Davis v. Passman, 442 U.S. 228, 234–35 (1979) (citations omitted). At this time, this Court cannot conclude that Warfield's claims are entirely without merit, so his Fifth Amendment Due Process and Equal Protection claims against the defendants survive 28 U.S.C. § 1915A screening.

### 3. The Mandamus Act

Warfield claims that this Court has jurisdiction under the Mandamus Act codified as 28 U.S.C. § 1361. Doc. 1 at ¶ 9. The Mandamus Act gives "district courts [ ] original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C § 1361. A writ of mandamus is an extraordinary remedy and appropriate in situations where "(1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy."

Castillo v. Ridge, 445 F.3d 1057, 1060–61 (8th Cir. 2006). Whether to issue a writ is within the discretion of the district court. See In re MidAmerican Energy Co., 286 F.3d 483, 486 (8th Cir. 2002) "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Liberally construing Warfield's alleged facts, his assertions can be read as alleging an indisputable right to certain monies under the CARES Act and claiming that the defendants have a nondiscretionary duty to honor that right. See Doc. 1. Thus, Warfield's claim under 28 U.S.C. § 1361 survives screening.

### III.   Motion for Service

Warfield moves for service and requests that the Court order service of the summonses by the United States Marshal Service or by another party through court appointment. Doc. 3. This Court maintains a practice of directing the Clerk of Court to prepare and issue summonses when a federal defendant is sued in his or her official capacity in pro se cases and to arrange service. Warfield's motion for service, Doc. 3, is granted to that extent.

### IV.   Motion for Appointment of Counsel

Warfield moves for appointment of counsel. Doc. 7. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." "[T]he appointment of counsel should be given serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

6

When determining whether to appoint counsel to a pro se litigant, the court will look at the factual and legal complexity of the claims. The Eighth Circuit considers: "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing Johnson v. Williams, 788 F.2d 1319, 1322–23 (8th Cir. 1986) (holding that the district court erred when it denied plaintiff's motion for counsel solely because the plaintiff did not raise factually complex issues)). Warfield's claims do not appear to be factually or legally complex. Doc. 1. Because this Court believes Warfield can adequately present his claims at this time, his motion for appointment of counsel, Doc. 7, is denied.

V.   Motion to Compel

Warfield "moves for an order from this Court to compel the South Dakota[] Department of Corrections, to stop impeding and delaying legal mailings to and from [the] Bridge Service Corporation [an entity that provides legal services]." Doc. 8. He does not cite to a Federal Rule of Civil Procedure or any other legal authority in his motion. Typically, motions to compel have to do with discovery. See Fed. R. Civ. P. 36. Further, the South Dakota Department of Corrections is not a party to this lawsuit. For these reasons, this Court denies Warfield's motion to compel.

VI.   Order

Accordingly, it is

ORDERED that Warfield's motion for service, Doc. 3, is granted. It is further

ORDERED that Warfield's motion for appointment of counsel, Doc. 7, is denied. It is further

ORDERED that Warfield's motion to compel, Doc. 8, is denied. It is further

ORDERED that Warfield's Fourteenth Amendment claims against defendants are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Warfield's Fifth Amendment Due Process and Equal Protection claims survive 28 U.S.C. § 1915A screening. It is further

ORDERED that Warfield's claim under the Mandamus Act, 28 U.S.C. § 1361, survives 28 U.S.C. § 1915A screening. It is further

ORDERED that the Clerk of Court shall prepare and issue summonses for service under Rule 4(i)(1) and (2) of the Federal Rules of Civil Procedure. A copy of Warfield's complaint, Doc. 1, and this Order shall be included. It is further

ORDERED that the defendants will serve and file an answer or responsive pleading to the amended complaint and supplement on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3). It is finally

ORDERED that Warfield must keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Civil Local Rules while this case is pending.

DATED October 1st, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE